IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| DOUGLAS J. MISTELSKE, | ) | CASE NO. 1:07 CV 3856 |
| | ) | |
| Plaintiff, | ) | JUDGE DAN AARON POLSTER |
| | ) | |
| v. | ) | MAGISTRATE JUDGE |
| | ) | WILLIAM H. BAUGHMAN, JR. |
| COMMISSIONER OF SOCIAL SECURITY, | ) ) | |
| | ) | **REPORT & RECOMMENDATION** |
| Defendant. | ) | |

### Introduction

This is an action for judicial review of the final decision of the Commissioner of Social Security denying the application of the plaintiff, Douglas J. Mistelske, for disability insurance benefits.

The Administrative Law Judge ("ALJ"), whose decision became the final decision of the Commissioner, found that Mistelske had severe impairments consisting of disorders of the back.[1] The ALJ determined that Mistelske had the following residual functional capacity:

> Mistelske retains the residual functional capacity to perform a range of light work. Specifically, he can lift, carry, push and pull ten pounds occasionally and frequently. He can sit for six hours and stand for six hours in an eight-hour workday with the ability to adjust positions as necessary because of his pain, i.e. a "sit-stand option." He cannot kneel, crouch, or crawl and can only occasionally stoop and bend. He cannot work at unprotected heights or climb ladders, ropes, or scaffolds. He can occasionally climb ramps and stairs. He is limited to low stress work that does not include confrontation, arbitration, negotiation or responsibility for the safety and welfare of others.

---

[1] Transcript ("Tr.") at 27.

> He cannot perform work requiring high production quotas. He can also perform work sitting for six hours and standing for two hours with the ability to adjust positions as necessary because of pain with the other listed limitations.[2]

The ALJ decided that the above-quoted residual functional capacity rendered Mistelske unable to perform his past relevant work.[3]

Based on an answer to a hypothetical question posed to the vocational expert at a hearing, the ALJ determined that a significant number of jobs existed locally and nationally that Mistelske could perform.[4] The ALJ, therefore, found Mistelske not under a disability.[5]

Mistelske asks for reversal of the Commissioner's decision on the ground that it does not have the support of substantial evidence in the administrative record. Specifically, he raises three issues for decision on judicial review. First, he challenges the decision of the ALJ not to give controlling weight to the opinions of three treating physicians. Second, he argues that the ALJ committed error by failing to follow the Appeals Council's directives on remand to obtain testimony of a medical expert and to make specific findings on exertional limitations, particularly walking. Third, he challenges the ALJ's findings that his testimony concerning limitations was less than credible.

---

[2] *Id.* at 28-29.

[3] *Id.* at 35.

[4] *Id.* at 35-36.

[5] *Id.* at 37.

I conclude that the ALJ failed to follow the Appeals Council's directives on remand and that such failure was material. I will, therefore, recommend a reversal of the Commissioner's decision and a remand.

**Procedural History**

This case has made a long and tortuous journey through the administrative process. An ALJ issued a first decision on October 20, 2004.[6] She adopted a residual functional capacity finding of less than sedentary work.[7] Applying the medical-vocational guidelines, the ALJ found Mistelske disabled as of July 3, 2003.[8]

Mistelske appealed that decision to the Appeals Council, arguing for an earlier onset date.[9] The Appeals Council on April 7, 2005, directed a remand, concluding that the record as to onset date was unclear.[10] It also found the articulations as to maximum residual functional capacity and credibility incomplete.[11] On remand, the Appeals Council directed the ALJ to:

---

[6] *Id.* at 300-08.

[7] *Id.* at 307.

[8] *Id.*

[9] *Id.* at 314.

[10] *Id.* at 311.

[11] *Id.* at 311-12.

- determine the alleged onset date;

- obtain updated medical records;

- further evaluate complaints of pain;

- give further consideration to the maximum residual functional capacity;

- evaluate the treating and examining source opinions and explain the weight assigned; and

- if necessary, obtain evidence from a vocational expert.[12]

On remand, a different ALJ issued a second decision on March 30, 2006.[13] In an effort to follow the Appeals Council's directives, the ALJ clarified the alleged onset date as May 10, 2002.[14] He further discussed the opinions of three treating physicians and concluded that they should receive little weight.[15] He considered the opinion of the state agency physician but dismissed it as outdated.[16] He found Mistelske's credibility poor.[17] Based on a light/sedentary alternate residual functional capacity finding, and a vocational expert's testimony regarding availability of sedentary jobs, the ALJ concluded that Mistelske was not disabled.[18]

---

[12] *Id.* at 312-13.

[13] *Id.* at 383-90.

[14] *Id.* at 383.

[15] *Id.* at 386-87.

[16] *Id.* at 387.

[17] *Id.* at 389.

[18] *Id.* at 387-89.

Mistelske again sought review from the Appeals Council,[19] and the Appeals Council again remanded on June 28, 2006.[20] This time the Appeals Council found the residual functional capacity finding too vague; it did not contain a function-by-function assessment of Mistelske's ability for "sitting, standing, and walking."[21] Also, the Appeals Council noted that the ALJ had rejected all medical assessments of the claimant but did not cite any medical reports or source statements.[22] It concluded "further development and rationale are required."[23]

As directives on remand, the Appeals Council provided that the ALJ will:

- obtain additional evidence concerning impairments, which may include, if warranted, a consultative internist examination and medical source statements;

- obtain evidence from a medical expert;

- further consider the claimant's maximum residual functional capacity and provide appropriate rationale in support of assessed limitations; and

- if warranted, obtain supplemental evidence from a vocational expert.[24]

---

[19] *Id.* at 394-404.

[20] *Id.* at 392-93.

[21] *Id.* at 392.

[22] *Id.*

[23] *Id.*

[24] *Id.* at 393.

On remand, the same ALJ who issued the second decision entered the third on December 28, 2006.[25] He again found Mistelske not disabled.[26] The ALJ adopted a light modified residual functional capacity finding, which did not contain an expressed limitation on walking.[27] He again reviewed the opinions of Mistelske's treating sources and assigned them little weight.[28] The ALJ determined that the opinion of the state agency reviewing physician, given no weight in the second decision, should receive great weight because of a subsequent examination note made by one of Mistelske's treating physicians.[29]

The ALJ did call a medical expert to testify at the third hearing, Daniel Schweid, M.D., a psychiatrist.[30] He testified as to mental impairments and limitations but expressed no opinion as to Mistelske's exertional laminations.[31] The ALJ also called a vocational expert but decided to ask her no questions.[32]

In his decision, the ALJ stated that Dr. Schweid's testimony did not change the residual functional capacity as to mental limitations noted in the second decision.[33] As for

---

[25] *Id.* at 25-37.

[26] *Id.* at 37.

[27] *Id.* at 28.

[28] *Id.* at 32, 33.

[29] *Id.* at 32.

[30] *Id.* at 521-27.

[31] *Id.*

[32] *Id.* at 528.

[33] *Id.* at 28.

the vocational expert, the ALJ relied on the testimony of the expert who testified at the second hearing.[34]

Mistelske again sought review by the Appeals Council.[35] This time the Appeals Council denied the request.[36] The third ALJ's decision, therefore, became the final decision of the Commissioner.

**Analysis**

As an initial observation, as to the first and third issues raised by Mistelske in this case, I have carefully reviewed the record and find that substantial evidence supports the ALJ's decision not to give controlling weight to the opinions of the three treating physicians and to the finding that Mistelske's testimony concerning his limitations was less than credible. Because of my conclusion that there remains a problem with the ALJ's execution of the Appeals Council's directives on the second remand, Mistelske's second issue, I will not further discuss the first and third issues.

The applicable regulation, 20 C.F.R. § 404.977, requires the Administrative Law Judge to take any action on remand ordered by the Appeals Council. Generally, the failure of an ALJ to fully discharge the Appeals Council's mandate on remand is reversible error.[37]

---

[34] *Id.* at 36.

[35] *Id.* at 15-19.

[36] *Id.* at 9-12.

[37] *Baker v. Comm'r of Soc. Sec.*, No. 6:07-cv-1138-Orl-28KRS, 2008 WL 3980986, at *7 (M.D. Fla. Aug. 22, 2008).

Where the ALJ's failure to follow the mandate is not material, however, the error is harmless.[38]

In the second remand decision, the Appeals Council expressed concern that the residual functional capacity finding was unsupported by a competent medical opinion:

> Further, the decision rejects all the assessments provided by the claimant's treating sources, and rejects the assessment prepared by the Disability Determination Services but does not cite any medical reports or medical source statements or provide any rationale in support of the described limitations. Therefore, further development and rationale are required.[39]

Accordingly, the Appeals Council directed the ALJ to obtain evidence from a medical expert.[40]

The Appeals Council's concern that the residual functional capacity finding be supported by an assessment of a medical source is firmly grounded in the regulations and case law precedents. Critical to an ALJ's residual functional capacity finding are residual functional capacity assessments done by medical sources such as treating physicians, consultative examining physicians, medical experts who testify at hearings before the ALJ, or state agency physicians who reviewed the claimant's medical records.[41] In making the residual functional capacity finding, the ALJ may not interpret raw medical data in functional

---

[38] *Oliver v. Astrue*, No. 07-157-B-W, 2008 WL 2778229, at *9 n.10 (D. Me. June 30, 2008).

[39] Tr. at 392.

[40] *Id.* at 393.

[41] 20 C.F.R. §§ 404.1513 and 404.1545(a)(3).

-8-

terms.[42] The district judge in *Rohrberg v. Apfel*[43] appropriately explained the limitations on the ALJ's ability to interpret medical data and the importance of medical opinions regarding capabilities and limitations to the residual functional capacity finding:

> An ALJ is not qualified to assess a claimant's RFC on the basis of bare medical findings, and as a result an ALJ's determination of RFC without a medical advisor's assessment is not supported by substantial evidence. Where the "medical findings in the record merely diagnose [the] claimant's exertional impairments and do not relate these diagnoses to specific residual functional capabilities such as those set out in 20 C.F.R. § 404.1567(a) ... [the Commissioner may not] make the connection himself."
>
> In this case, the ALJ determined Rohrberg's RFC on a disbelief of the bare medical findings in her doctors' reports as well as Rohrberg's testimony. The ALJ failed to refer to – and this Court has not found – a proper, medically determined RFC in the record. Consequently, the Court concludes that there was not substantial evidence to support the ALJ's RFC determination.[44]

To be sure "where the medical evidence shows relatively little physical impairment, an ALJ permissibly can render a commonsense judgment about functional capacity even without a physicians's assessment."[45] But, as Judge Richard Posner of the Seventh Circuit warned in *Schmidt v. Sullivan*,[46] "[t]he medical expertise of the Social Security Administration is reflected in regulations; it is not the birthright of lawyers who apply them.

---

[42] *Nguyen v. Chater*, 172 F.3d 31, 35 (1st Cir. 1999).

[43] *Rohrberg v. Apfel*, 26 F. Supp. 2d 303 (D. Mass. 1998).

[44] *Id.* at 311 (citations omitted).

[45] *Manso-Pizarro v. Sec'y of Health & Human Servs.*, 76 F.3d 15, 17 (1st Cir. 1996).

[46] *Schmidt v. Sullivan*, 914 F.2d 117 (7th Cir. 1990).

-9-

Common sense can mislead; lay intuitions about medical phenomenon are often wrong."[47] When a claimant has sufficiently placed his or her functional inability at issue, "the ALJ must measure the claimant's capabilities, and to make that measurement, an expert's RFC evaluation is ordinarily essential...."[48]

It is clear that the second remand did not proceed as anticipated by the Appeals Council. Although the ALJ made more detailed findings with respect to residual functional capacity, those findings did not include walking. Those findings made no reference to walking. "He can sit for six hours and stand for six hours in an eight-hour workday with the ability to adjust positions because of his pain, i.e., a 'sit-stand option.'"[49] Counsel for the Commissioner acknowledges this shortcoming but argues that it is harmless error; this Court should assume that the walking limitations are the same as those for standing. Even if I accept this "close enough for government work" rationale, there remains a greater problem with the decision on remand.

As noted above, the Appeals Council ordered the ALJ to obtain the testimony of a medical expert on remand. The significance of this mandate was the stated absence of an assessment from a competent medical source regarding work-related exertional limitations.[50] The ALJ did call a medical expert, but that expert was a psychiatrist. That expert testified

---

[47] *Id.* at 118.

[48] *Manso-Pizzaro*, 76 F.3d at 17.

[49] Tr. at 28.

[50] *Id.* at 392.

as to non-exertional as opposed to exertional limitations. The non-exertional limitations recognized in the ALJ's second decision were not at issue, however. The Appeals Council's second remand order clearly focused on Mistelske's physical impairments and limitations: "The decision does not describe any limitations the claimant may have on sitting, standing and walking, or state whether there are none."[51] *** "Upon remand the Administrative Law Judge will: ... obtain additional evidence concerning the claimant's orthopaedic and rheumatic impairments...."[52]

Because the medical expert did not offer an opinion regarding work-related exertional limitations, the record on the second remand consisted of no more than the same medical source opinions that the Appeals Council found inadequate in its decision. Realizing this, the ALJ attempted to justify his residual functional capacity finding by breathing life into the state agency reviewing physician's opinion that he had previously rejected based on an additional examination by a treating physician:

> State agency reviewing physician Myung Cho, M.D., offered a residual functional capacity dated April 23, 2003 and found Mistelske could perform a range of light work. *** I gave this opinion no weight in my earlier opinion, but reconsidered it based upon a relatively normal physical Yokiel [a treating physician] performed in January 2006 (Ex. B-29F). That evidence was not before me at the time I issued my earlier decision.[53]

A review of that record reference (Ex. B-29F) reveals that it is a one-page progress note with the following cursory notation:

---

[51] *Id.*

[52] *Id.* at 393.

[53] *Id.* at 32.

-11-

> On physical examination, the patient is alert and oriented. There is mild lumbar tenderness noted in the midline. There is increasing pain with range of motion in the cervical spine. Neurologically, he appears to be intact.[54]

There is no indication in this note of the nature or extent of the examination performed and no basis for determining therefrom what limitations Mistelske may have had as of the time. The note, therefore, cannot provide a basis for assigning a source opinion given no weight in the earlier decision great weight in the later one.

The Commissioner argues that the Appeals Council reviewed and approved of the ALJ's resurrection of the state agency physician's opinion when asked to reconsider the third ALJ decision in this case. The Appeals Council did address the ALJ's consideration of the state agency reviewing physician's opinion generally.

> Your attorney also argues that the Administrative Law Judge erred in adopting the opinion of the Bureau of Disability Determination Services physician which he had rejected in his prior decision. On June 28, 2006, the Appeals Council vacated the March 30, 2006 hearing decision. Therefore, the Administrative Law Judge is required to consider all of the relevant evidence and articulate his findings to the evidence of record. In your case, the record demonstrates that the Administrative Law Judge considered all of the relevant evidence and his findings and conclusions are in accord with the law and its implementing regulations.[55]

That treatment, however, does not change my analysis. As a proposition of law, the ALJ could consider and, under appropriate circumstances, reevaluate and reweigh the earlier rejected opinion. In the context here, however, the medical evidence expressly relied upon by the ALJ is not substantial evidence justifying the greater weight assigned.

---

[54] *Id.* at 456.

[55] *Id.* at 10.

On balance, therefore, the residual functional capacity finding is not supported by substantial evidence because it does not have the support of the medical source assessment that the Appeals Council ordered on remand. The ALJ's failure to observe the remand mandate is material. Despite my reluctance to see this case further protracted, I must recommend another remand.

## Conclusion

Based on the foregoing analysis, I recommend the reversal of the Commissioner's decision denying Mistelske's application for disability insurance benefits and a remand for reconsideration of the residual functional capacity finding consistent with this report.

Dated: December 4, 2008                                 s/ William H. Baughman, Jr.
                                                        United States Magistrate Judge

## Objections

Any objections to this Report and Recommendation must be filed with the Clerk of Courts within ten (10) days of receipt of this notice. Failure to file objections within the specified time waives the right to appeal the District Court's order.[56]

---

[56] *See*, *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). *See also*, *Thomas v. Arn*, 474 U.S. 140 (1985), *reh'g denied*, 474 U.S. 1111 (1986).