**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **DOUGLAS J. MISTELSKE,** | ) | **Case No. 1:07-cv-3856** |
| | ) | |
| | ) | |
| **Plaintiff,** | ) | **Judge Dan Aaron Polster** |
| | ) | |
| **vs.** | ) | <u>**MEMORANDUM OF OPINION**</u> |
| | ) | <u>**AND ORDER**</u> |
| | ) | |
| | ) | |
| **COMMISSIONER OF THE SOCIAL** | ) | |
| **SECURITY ADMINISTRATION,** | ) | |
| | ) | |
| **Defendant.** | ) | |

Before the Court is the December 4, 2008, Report and Recommendation ("R&R") of Magistrate Judge William H. Baughman, Jr.  (**ECF No. 23**.)  The Magistrate Judge recommends reversing the Commissioner of Social Security's final decision denying Plaintiff Douglas S. Mistelske's ("Plaintiff's") application for disability insurance benefits and remanding to an Administrative Law Judge ("ALJ") for reconsideration of Plaintiff's residual functional capacity.  *Id.*  For the following reasons, the Court **ADOPTS** Magistrate Judge Baughman's R&R and **REMANDS** the case to the Commissioner of Social Security.

As outlined by Magistrate Judge Baughman in his R&R, Plaintiff's application for disability insurance benefits has taken a convoluted path through the Social Security Administration prior to arriving before this Court.  Plaintiff applied for benefits on August 27, 2002.  *See e.g., Transcript* at 47.  The first ALJ ruling on October 20, 2004, found a residual capacity of less than sedentary work and disability as of July 3, 2003.  *Id.* at 308.

Mistelske appealed his decision to the Appeals Council, arguing for an earlier onset date.  *Id*. at 314.  The Appeals Council remanded the matter, concluding that the record was unclear as to onset date.  *Id*. at 311.  The Appeals Council directed the ALJ to determine the alleged onset date, obtain updated medical records, further evaluate complaints of pain, further consider the maximum residual functional capacity, evaluate and explain the weights assigned to the treating and examining source opinions, and obtain evidence from a vocational expert, if necessary.  *Id*. at 310-12.

On remand, a different ALJ issued a second decision on March 30, 2006.  *Id*. at 383-90.  Though the ALJ determined the onset date to be May 10, 2002, he found Mistelske not disabled, thus denying the application.  *Id*.  The ALJ's determination relied on a light/sedentary alternate residual capacity finding and a vocational expert's testimony regarding the availability of sedentary jobs.  *Id*. at 387-89.  The ALJ concluded that the opinions of Mistelske's treating physicians should receive little weight, dismissed the opinion of a state agency physician as outdated, and questioned Mistelske's credibility.  *Id*. at 386-89.

Mistelske again appealed the ALJ's decision to the Appeals Council.  *Id*. at 394-404.  On June 28, 2006, the Appeals Council directed a second remand.  *Id*. at 392-93.  The Appeals Council held that the residual functional capacity finding was too vague and that the ALJ, who rejected all medical assessments made by Mistelske without citing any medical sources of his own, needed to develop and explain the medical basis of his decision, including by obtaining evidence from a medical expert.  *Id*.

Upon the second remand, the case, now being considered by an ALJ for a third time, came before the same ALJ who issued the second decision.  *Id*. at 25-37.  On December 28,

2006, he again concluded that Mistelske was not disabled, adopting a light modified residual functional capacity finding without an express limitation on walking. *Id.* at 28. Though the ALJ again gave little consideration to Mistelske's treating physicians, he determined that the opinion of the state agency reviewing physician, which he previously found outdated, should receive greater weight because of a subsequent examination note made by one of Mistelske's physicians. *Id.* at 32. Critically, the only medical expert the ALJ called to testify was a psychiatrist who simply discussed mental impairments and limitations. *Id*. at 521-27. A vocational expert was also called but was not asked any questions by the ALJ. *Id*. at 528.

Plaintiff once again sought review by the Appeals Council but his request was denied, making the third ALJ decision the Commissioner's final decision. *Id.* at 9-19. Consequently, Plaintiff brought a complaint in this Court, pursuant to 42 U.S.C. § 405(g), seeking judicial review of the Commissioner's final decision. *ECF No. 1*. Plaintiff's complaint alleged that the Commissioner's decision was not supported by substantial evidence, was based upon the application of erroneous legal standards, did not make necessary findings or adequately articulate reasons for its findings, and that Plaintiff was not given a full and fair hearing. *Id*. at 2.

 Plaintiff's complaint was considered by Magistrate Judge Baughman who issued his R&R on December 4, 2008. ECF No. 23. Magistrate Judge Baughman found that the ALJ's residual functional capacity finding was not supported by substantial evidence. *Id*. at 13. Specifically, Magistrate Judge Baughman held that there was no basis for re-weighing the opinion of the state agency physician based solely on a cursory note by a treating physician. *Id*. at 11-12. Additionally, the ALJ's decision was not based on any relevant medical expert testimony nor any other pertinent medical source. *Id*. at 10-11. Magistrate Judge Baughman recommended

both reversal of the Commissioner's final decision denying Mistelske's application for disability insurance benefits and remand for reconsideration of the residual functional capacity finding. *Id.* at 13.

The Court has reviewed Magistrate Judge Baughman's decision. In light of his thorough and well-reasoned analysis and the lack of objections filed by either side,[1] the Court hereby **ADOPTS** the R&R. The matter shall be **REMANDED** to the Commissioner of Social Security, where an ALJ who has not participated in the previous three decisions shall consider Plaintiff's application for benefits. While the Court is not blaming anyone, the Social Security administrative system has failed in this case. Plaintiff first applied for disability benefits on August 27, 2002. Three ALJ decisions (with another one upcoming), three remands, and more than six years have passed and Mr. Mistelske still does not know whether he qualifies for disability benefits. The Court therefore strongly urges the new ALJ and/or the Appeals Council to negotiate a resolution to this case at the earliest opportunity.

**IT IS SO ORDERED.**


*/s/Dan Aaron Polster     December 19, 2008*
**Dan Aaron Polster**
**United States District Judge**

---

[1]Defendant immediately filed a response to Magistrate Judge Baughman's decision, indicating that the Commissioner was not going to object to the R&R. *ECF No. 24.* Plaintiff did not file an objection by December 18, 2008. Additionally, during a teleconference with the Court on December 16, 2008, neither party indicated that they intended to file an objection.